ELLIS, Judge:
Appellant Vincent R. Smith was discharged from his position as a Harbor Police Patrolman by letter from the appointing authority, the Board of Commissioners of the Port of New Orleans, dated April 29, 1970. The basis for his discharge was Smith’s alleged solicitation and acceptance of bribes in return for not reporting violations of the No Smoking ordinance adopted by the Board.
After hearing the evidence in the case, the Civil Service Commission found as a matter of fact that Smith had accepted $5.-00 each from Elton J. Cosse and Duralph Hayes, Jr., in return for not reporting smoking violations. The Commission further found as a fact that Smith asked Vivian Turner to give him money to show appreciation for not being reported for a smoking violation. Turner refused to give him anything. The Commission was of the opinion that the foregoing findings constituted ample cause for Smith’s dismissal and denied his appeal. From that ruling, Smith has appealed to this court, presenting four specifications of error for our consideration.
The first is that the Commission placed an intolerable burden of proof on appellant by requiring him to prove that the offense of bribery was not committed. There is no merit to this contention. Article XIV, § 15(N)(l)(a) of the Constitution places the burden of proof as to the facts on the employee in proceedings of this type before the Civil Service Commission, and the Commission is bound to follow this provision.
The second specification of error is the refusal of the Commission to admit the testimony of one Ferdinand Schiber. Schi-ber’s testimony was taken in connection with criminal proceedings against Smith in the Criminal District Court of Orleans Parish. The Board was, of course, not a party thereto. Appellant relies on the provisions of Article 13.19(1) of the Civil Service Rules, which provides:
“When a pending case involves substantially the same question of law or fact as presented in a prior case, the Commission or a referee, at the request of any party or on its or his own motion, may admit as evidence any part of the record in such previous case as it or he may deem relevant; provided, that in the application of this Rule no party be deprived of the right to cross examine any adverse witness.”
We do not think that this rule was intended to apply to a prior case in a different tribunal. In any event, no opportunity to cross examine Schiber was afforded the Board. We find no error in the ruling of the Commission.
The third specification of error is that the Commission erred admitting into evidence certain statements given by Vivian Turner during the course of the investigation of the charges made against Smith. One statement, taken on April 19, 1970, related to events not directly involved in this appeal. The second statement, taken on April 12, 1970, related to events that took place earlier on that day. Appellant complains of the circumstances under which the statement was taken. However, Turner admitted having given the statement freely and voluntarily, and confirmed the truth of everything contained therein. His only reservation was as to the interpretation of the facts therein related. We see no prejudice or error arising out of the ruling of the Commission.
The fourth assignment of error is that the Commission acted arbitrarily and capriciously and without substantial evidence when it found that appellant had accepted bribes. Both Elton J. Cosse and Duralph Hayes, Jr. testified that they paid $5.00 each to appellant in return for his not reporting their smoking. Under the Constitution, Article XIV, § 15(0)(1), our review of the decisions of the Commission is restricted to questions of law only. It is only when there is no evidence to support *396 the findings of fact of the Commission that a question of law as to the propriety thereof arises, and so long as there is some evidence in the record to support their findings of fact, we are bound thereby. Waldroup v. Louisiana State University, 255 So.2d 413 (La.App. 1 Cir. 1971). There is ample evidence to support the findings of fact in this case. The specification of error is therefore without merit.
The opinion of the Civil Service Commission is affirmed, at appellant’s cost.
Affirmed.